UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tracy Vendeville,

       Plaintiff,                          Hon. Paul L. Maloney

v.                                               Case No. 1:20-cv-887

Commissioner of
Social Security,

       Defendant.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

**<u>STANDARD OF REVIEW</u>**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 47 years of age on her alleged disability onset date. (ECF No. 11-2, 11-7, PageID.62, 333). She possesses a tenth-grade education and worked previously as a cleaner and stocker. (ECF No. 11-2, 11-8, PageID.91, 93, 375). Plaintiff applied for benefits on August 21, 2018, alleging that she had been disabled since February 1, 2017, due to peripheral vascular artery disease, depression,

seizure disorder, migraine headaches, osteoarthritis/back pain, osteoarthritis/knee pain, stage 1 breast cancer post-surgery and mastectomy, hernia post-surgery with complications, hip pain/torn labrum, and cervical stenosis. (ECF No. 11-7, 11-8, PageID.333-34, 374).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Sarah Smisek, in an opinion dated September 26, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, 11-4, PageID.62-94, 164-207). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: peripheral arterial disease, osteoarthritis, neuropathy, trochanteric bursitis, lumbar degenerative disc disease, psychogenic non-epileptic seizures, migraines, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-2, PageID.66-75).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; (2) she can frequently balance and occasionally stoop, kneel, crouch, and

crawl; (3) she must avoid concentrated exposure to dangerous moving machinery, unprotected heights, and vibrations; (4) she requires a sit/stand option with the opportunity to change positions every 30 minutes; (5) she requires a low stress work environment defined as having only occasional changes in the work setting and requiring no more than occasional decision making.  (*Id.*, PageID.75).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid.*

In this case, a vocational expert testified that there existed approximately 117,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (ECF No. 11-4, PageID.199-201).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Plaintiff argues that she is entitled to relief because the ALJ failed to properly assess her RFC. Specifically, Plaintiff argues that the ALJ erred by failing to include in her RFC assessment any limitations regarding her alleged inability to maintain concentration, persistence, pace, or attendance. In support of this argument, Plaintiff focuses primarily on her physical impairments. There is no question that Plaintiff's musculoskeletal impairments limit her ability to function. The ALJ certainly recognized this by restricting Plaintiff to a limited range of sedentary work. As the ALJ exhaustively discussed, however, the record does not support the argument that Plaintiff's physical impairments limit her functional ability to maintain concentration, persistence, pace, or attendance.

Numerous examinations revealed that Plaintiff exhibited no difficulty ambulating. (ECF No. 11-10, 11-12, 11-17, 11-19, 11-20, 11-24, PageID.490, 500, 503, 530, 535-36, 547, 678, 710, 720, 1246, 1391, 1417, 1422, 1449, 1463, 1487, 1733, 1744). Examiners also consistently reported that Plaintiff experienced normal strength, reflexes, and range of motion. (ECF No. 11-9, 11-10, 11-11, 11-12, 11-17, 11-19, 11-20, PageID.440, 508, 519, 530, 535-36, 539, 546-47, 551, 564, 569, 575, 580, 583, 591, 622, 702, 709-11, 715, 719-20, 1241, 1246, 1385, 1417, 1459-60).

Moreover, while the Court does not doubt that a seizure disorder could impact an individual's ability to concentrate, persist, and maintain pace, the evidence supports the ALJ's conclusion that Plaintiff experiences no such seizure-based limitations. Objective assessments, such as CT scans of Plaintiff's brain and EEG examinations, revealed "no acute intracranial process" and "no electrographic seizures or interictal epileptiform discharges." (ECF No. 11-13, PageID.784-89, 796-97, 831-34, 836-38). Given Plaintiff's unusual behavior when being observed, as well as the absence of evidence that Plaintiff was experiencing epileptic seizures, it was determined that Plaintiff was experiencing "pseudoseizures" with a "behavioral component." (ECF No. 11-10, 1-13, PageID.520, 784-88, 798).

In this respect, a subsequent evaluation by a Clinical Neuropsychologist revealed that Plaintiff was engaged in "intentional overreporting of clinical symptoms. . .to the degree not even seen in clinical populations." (ECF No. 11-21, PageID.1508). As the doctor further observed, considering that Plaintiff "is also applying for disability compensation. . .there is concern of secondary gain influencing

[Plaintiff's] symptom presentation." (*Id.*). The Court is not minimizing the seriousness of pseudoseizures. The ALJ certainly recognized that such constitutes a serious impairment. As the ALJ also determined, however, the record does not support the argument that such limits Plaintiff's ability to maintain concentration, persistence, pace, or attendance.

As the ALJ also noted, Plaintiff was consistently noted to be alert and oriented during examination. (ECF No. 11-9, 11-10, 11-11, 11-12,11-17, 11-18, 11-19, 11-20, 11-24, 11-25, PageID.440, 490, 495, 508, 519, 535, 546, 556, 560, 566, 573, 588, 593, 598, 621, 625, 643, 648, 658, 669, 672, 681, 685, 689, 699, 702, 705, 711, 714, 720, 1241, 1246, 1329, 1334, 1358, 1391, 1417, 1422, 1449, 1720, 1744, 1748, 1760, 1768). Plaintiff also exhibited normal thought processes and intact cognition. (ECF No. 11-10, 11-11, 11-18, 11-19, 11-20, 11-25, PageID.530, 601, 1288, 1290, 1295, 1300, 1305-06, 1309, 1311-12, 1315, 1317-18, 1321, 1323-24, 1334, 1385, 1464, 1473, 1748, 1757, 1760, 1768). Examiners also reported that Plaintiff exhibited normal psychomotor activity. (ECF No. 11-18, 11-20, 11-25, PageID.1317, 1323, 1334, 1449, 1748, 1756-57, 1760, 1768).

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the

medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. In support of her argument, Plaintiff has failed to identify any error in the ALJ's analysis, but instead simply argues that the ALJ should have weighed and evaluated the evidence differently. This is not grounds for relief, however. Accordingly, this argument is rejected.

## II.   The ALJ Properly Assessed Plaintiff's Credibility

At the administrative hearing, Plaintiff testified that she suffers from "excruciating" pain which significantly limits her ability to concentrate and function. (ECF No. 11-4, PageID.172-80). Plaintiff has also reported experiencing pain-related sleep difficulty. (ECF No. 1-18, PageID.1299, 1305). The ALJ, however, discounted Plaintiff's subjective allegations finding that "the record does not corroborate [Plaintiff's] reported degree of limitation resulting from her impairments." (ECF No. 11-2, PageID.85). Plaintiff argues that she is entitled to relief because the ALJ improperly discounted her credibility.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[1]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this

---

[1] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

As discussed above, the medical record supports the ALJ's conclusion that Plaintiff's impairments are not as severe or as limiting as Plaintiff asserts. The record also contains evidence that Plaintiff has misreported and embellished her symptoms. Plaintiff does not articulate any error in the ALJ's analysis, but rather urges the Court to re-weigh the evidence and reach a different conclusion. As already noted, this the Court cannot do. The ALJ articulated a clear rationale for her findings regarding Plaintiff's subjective allegations and the ALJ's conclusions are supported by substantial evidence. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      Respectfully submitted,

Date: December 29, 2021                 /s/ Phillip J. Green
                                                           PHILLIP J. GREEN
                                                           United States Magistrate Judge